UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE L. TURNER, | 1:09-cv-01010-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR LEAVE TO AMEND |
| v. | (Doc. 12.) |
| ELLEN GREENMAN, et al., | ORDER DISMISSING COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| | (Doc. 11.) |
| Defendants. | ORDER FOR THIS DISMISSAL TO COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g) |
| | ORDER DIRECTING CLERK TO CLOSE CASE |

**I.   BACKGROUND**

Plaintiff George L. Turner is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 10, 2009. (Doc. 1.) On June 19, 2009, Plaintiff consented to the jurisdiction of a United States Magistrate Judge.[1] (Doc. 5.) The Court screened Plaintiff's Complaint pursuant to

---

[1] On June 19, 2009, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

Case 1:09-cv-01010-GSA   Document 13   Filed 04/07/11   Page 2 of 6

28 U.S.C. § 1915A and entered an order on December 14, 2009, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 10.) On January 5, 2010, Plaintiff filed the First Amended Complaint. (Doc. 11.) On January 7, 2011, Plaintiff filed a motion to amend the First Amended Complaint. (Doc. 12.)

**II.     MOTION TO AMEND – RULE 15**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Here, because Plaintiff has already amended the complaint once, Plaintiff must obtain leave of court to amend the First Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id.

Plaintiff seeks to amend the First Amended Complaint for only one purpose, to add a request for damages as relief in this action. The First Amended Complaint only requests injunctive relief and does not request any monetary damages.

As discussed below, the Court has screened the First Amended Complaint pursuant to 28 U.S.C. § 1915A and determined that this action should be dismissed, without leave to amend, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983. Thus, it would be futile for Plaintiff to amend the complaint to add a request for damages. Therefore, Plaintiff's motion for leave to amend shall be denied.

**III.     SCREENING ORDER**

On January 5, 2010, Plaintiff filed the First Amended Complaint, which is now before this Court for screening.

///

### A. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, 'to state a claim that is plausible on its face.'" Id. While factual allegations are accepted as true, legal conclusions are not. Id. at 1949.

### B. Summary of First Amended Complaint

Plaintiff is presently incarcerated at Avenal State Prison in Avenal, California, where the events at issue allegedly occurred. In the First Amended Complaint, Plaintiff names as defendants Ellen Greenman (CMO), Barry Green (PA), and Chi Nareddy (MO) ("Defendants").

Plaintiff asserts that he has Crohn's Disease and suffers from chronic pain. Plaintiff alleges that he has been intentionally mistreated by medical providers at ASP by their refusal to provide him with a special diet, nutritional supplements, and treatments with Boost.[2] Specifically, Plaintiff alleges as follows. On July 1, 2009, he was seen by Barry J. Green who stated he did not have Plaintiff's chart/records. On September 21, 2009, Plaintiff was seen by Dr. Barnett, who denied Plaintiff a nutritional supplement but increased Plaintiff's Boost. On October 21, 2009, Plaintiff was seen by Barry J. Green who wrote on Plaintiff's chart that Plaintiff refused a dietitian and that

---

[2] Plaintiff does not describe what is meant by Boost.

Plaintiff requires no special diet. On December 15, 2009, Plaintiff was seen by Nurse Grant. At that time, Plaintiff weighed 153 pounds, and his Boost had been cut 100%.

Plaintiff refers the Court to exhibits attached to the First Amended Complaint, consisting of copies of 602 appeals and medical records, to show that he was denied Boost and a transfer on May 19, 2009; that Ellen Greenman has personal knowledge of his treatment; that Dr. Barnett refused him nutritional treatments and wrote an order increasing his Boost; and that Barry Green has knowledge of Plaintiff's past treatment for dietary needs but said Plaintiff did not require a special diet.

Plaintiff requests injunctive relief via transfer to an outside medical facility and treatment by an outside doctor.

### C. Plaintiff's Eighth Amendment Medical Claim

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweeney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused

4

by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136.  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff states that he was denied proper medical care by Defendants, but his allegations do not give rise to a cognizable Eighth Amendment claim for relief.  Plaintiff fails to allege any facts showing conduct by any of the Defendants that rise to the level of an Eighth Amendment violation.  The most Plaintiff has shown is that he disagreed with the course of treatment chosen by his medical providers. Plaintiff has not demonstrated that any of the Defendants were deliberately indifferent to

///

his medical needs.  Therefore, Plaintiff fails to state a cognizable Eighth Amendment medical claim, or any other claim upon which relief may be granted under § 1983, in the First Amended Complaint.

## V. CONCLUSION

The Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any of the Defendants.  In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with guidance by the Court.  Plaintiff has now filed two complaints without alleging facts against any of the Defendants which state a claim under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987); Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000).  Accordingly, this action shall be dismissed in its entirety, with prejudice, for failure to state a claim.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend, filed on January 7, 2011, is DENIED;
2. This action is DISMISSED in its entirety, with prejudice, for failure to state a claim upon which relief can be granted;
3. This dismissal counts as a STRIKE pursuant to 28 U.S.C. § 1915(g); and
4. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **April 7, 2011**              /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE